**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 24-1577**

-----

AMANDA SMITH,

        Plaintiff – Appellant,

    v.

DANIEL DRISCOLL, Secretary of the Army,

        Defendant – Appellee.

-----

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:20-cv-00419-JRR)

-----

Argued:  May 8, 2025                    Decided:  September 11, 2025

-----

Before GREGORY, RUSHING and BENJAMIN, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

**ARGUED:**  Theresa Dawn Truitt Kraft, WILT TOIKKA KRAFT, LLP, Washington, D.C., for Appellant.  Tarra DeShields-Minnis, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:**  Erek L. Barron, United States Attorney, Alicia L. Shelton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amanda Smith is an Army veteran who suffers from anxiety and PTSD. After her service, she worked at the Department of the Army ("the Army") as a civilian employee. While employed with the Army's Army Testing and Evaluation Command ("ATEC"), Smith had a contentious relationship with her supervisor, Barbara Monger. Monger yelled at Smith and disparaged her publicly, which Smith contends was because of her disability. After an incident with Monger on April 29, 2013, Smith had a severe panic attack, for which she sought medical attention. The next day, Smith requested and took leave. Smith returned intermittently in May 2013, and invoked her leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 to 2654, (FMLA), later that month. Following the April 29 incident, Smith repeatedly requested a new supervisor as an accommodation for her anxiety. The Army denied her requests. Smith remained out on leave for nearly a year before eventually being terminated from her position.

After an extensive administrative process, Smith sued the acting director of the Army in the district court. In her *pro se* complaint, Smith raised claims for disability discrimination, hostile work environment, failure to accommodate, retaliation, interference, and breach of confidentiality. In support of her hostile work environment claims, Smith alleged that Monger knew about her anxiety and detailed several incidents involving Monger, including that Monger yelled at her and disparaged her in front of her peers, and that Monger waited by Smith's desk and made comments about her use of the

stairs and her work performance. *See* J.A. 17–23.[1] The Army moved to dismiss the complaint for lack of jurisdiction, failure to state a claim, and insufficient service of process under Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(a).

On September 3, 2021, the district court, in relevant part, granted the motion to dismiss under Rule 12(b)(6) as to Smith's hostile work environment claims, finding that the alleged incidents were isolated and limited to a personality conflict and dissatisfaction with management decisions. J.A. 149–153, 157 (the "First Order"). The district court also concluded that Smith failed to allege that Monger's conduct was "based on [Smith's] disability." *Id.* 153.

Smith subsequently retained counsel. J.A. 6. Following discovery, Smith moved for summary judgment on the remaining claims and later amended the motion. *Id.* 7–8. In response, the Army filed a cross motion for summary judgment on the remaining claims. *Id.* 8.

On March 8, 2024, the district court denied Smith's amended motion for summary judgment and granted in part and denied in part the Army's cross-motion for summary judgment. *Id.* 1119–50 (the "Second Order"). The district court granted the Army summary judgment as to Smith's disability discrimination claim. It concluded that the

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties. The J.A. contains the record on appeal from the district court. Page numbers for citations to the J.A. utilize the "JA#" numbering at the bottom of the page on each document.

3

Army's denial of her April 29, 2013, and May 2, 2013, requests for a new supervisor could not independently sustain a claim for disability discrimination because she asserted the same facts to support her failure to accommodate claim. *Id.* 1140–42 (quoting *Leckie v. Bd. of Educ. of Montgomery Cnty.*, No. CV TDC-23-0299, 2023 WL 8809310 (D. Md. Dec. 19, 2023) (explaining that " 'if the denial of a request for accommodation could itself support a claim of disability discrimination, every failure-to-accommodate claim would be doubled' "). The court noted that even if it were to conclude that the denial of these requests supported Smith's claim for disability discrimination, she failed to argue that the Army denied her requests "solely on the basis of her disability." *Id.* 1142 n.10 (first citing *Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019); and then citing 29 U.S.C. § 794(a)).

The court granted the Army summary judgment as to Smith's failure to accommodate claim, finding that her requests for reassignment to a different supervisor, without more, were *per se* unreasonable. *Id.* 1142–43 (collecting cases). The court also granted summary judgment as to Smith's retaliation claim, finding that Smith's alleged adverse actions—including, but not limited to Monger's critical comments about Smith during her annual appraisal, other disparaging comments made by Monger, Monger's increased surveillance of Smith, and ATEC's deactivation of Smith's building and network access and her badge while she was on leave—either were not materially adverse or did not result in significant harm to Smith. *Id.* 1145–49. Finally, the court declined to grant summary judgment to either party on Smith's interference claim, concluding that neither party presented "substantive legal argument on the matter." *Id.* 1144–45.

4

The Army filed a renewed motion for summary judgment on Smith's interference claim, and Smith filed a motion to amend the court's Second Order. On June 7, 2024, the district court granted the Army's renewed motion. J.A. 1156–75 (the "Third Order"). While the district court found that Smith engaged in protected activity, it also found that Smith's interference claim could not survive summary judgment because she failed to prove a genuine dispute of material fact as to whether the Army "attempted to . . . interfere with [her] exercise of her rights under the Rehabilitation Act." *Id.* 1163–65, 1167. The court reiterated its previous determination that Smith's request for reassignment to a new supervisor was *per se* unreasonable and therefore not a protected right under the Rehabilitation Act. *Id.* 1167. Accordingly, the court concluded that any delay in responding to this request could not constitute interference with such a right. *Id.* The court found that Smith's other alleged interference—delays in responding to her accommodation request and informing her of the required documentation for an accommodation request, Monger's increased surveillance of Smith, and ATEC's deactivation of Smith's building and network access and her badge while she was on leave—did not support a finding of intimidation or interference. *Id.* 1167–70. Finally, the court concluded that even if these actions constituted interference, Smith's claim failed as a matter of law because she did not allege any facts that demonstrated that the Army acted with discriminatory intent. *Id.* 1170–74.

On appeal, Smith challenges the First, Second, and Third Orders with respect to their rulings on her hostile work environment, disability discrimination, failure to accommodate, retaliation, and interference claims. We review "de novo" a district court's

5

ruling on a motion to dismiss for failure to state a claim. *Buscemi v. Bell*, 964 F.3d 252, 262 (4th Cir. 2020) (citing *McCaffrey v. Chapman*, 921 F.3d 159, 163 (4th Cir. 2019). We also review a district court's decision on summary judgment de novo. *Hannah P.*, 916 F.3d at 336 (citing *Vannoy v. Fed. Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016)). Having thoroughly reviewed the record and carefully considered the briefs, arguments, and materials provided by the parties, we discern no reversible error in the First, Second, or Third Order. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*